EUGENIO RODRÍGUEZ SUÁREZ, demandante y apelante, *v.* THE STAR FRUIT COMPANY, demandada y apelada.

No. 4482.—*Sometido:* Diciembre 19, 1929. *Resuelto:* Agosto 1, 1930.

*M. García González,* abogado del apelante; *R. Cuevas Zequeira,* abogado de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Eugenio Rodríguez Suárez requirió a The Star Fruit Co. para que le permitiera practicar un examen o deslinde de dos fincas, una de 10 cuerdas y otra de 50 cuerdas, la primera de su propiedad y la segunda de propiedad de la compañía, situadas ambas en Guaynabo.

La compañía negó el permiso solicitado para entrar en los terrenos por ella actualmente poseídos y Eugenio Rodríguez Suárez inició entonces este procedimiento de acuerdo con el artículo 286 del Código de Enjuiciamiento Civil.

En la demanda se alega que el demandante es dueño de la finca de diez cuerdas que describe, colindante con la de cincuenta cuerdas de la demandada, que también describe; que la demandada, a sabiendas de que la finca de diez cuerdas no le pertenece, ha tomado posesión de ella, bajo alegaciones de que forma parte de la finca de cincuenta cuerdas que le pertenece; que el demandante desea obtener un deslinde de ambas propiedades para determinar la verdadera colindancia entre las mismas; que requirió para ello a la demandada y ésta se negó, y que cada una de las fincas vale más de quinientos dólares. La demandada contestó negando que el demandante sea dueño de la finca de diez cuerdas, sosteniendo en contrario "que la finca de diez cuerdas, situada en el barrio de Pueblo Viejo, hoy Guaynabo, P. R., y de la cual el demandante alega ser dueño, forma parte del predio de cincuenta cuerdas" que describe.

Después de esta alegación en que literalmente se admite la existencia de la finca de diez cuerdas, la demandada negó haber tomado posesión de finca alguna del demandante y como materia nueva adujo que la demanda no expone hechos determinantes de la causa de acción que se ejercita; que entre demandante y demandada existe pendiente un pleito de reivindicación sobre la finca de diez cuerdas, en el cual la finca se describe sin alegarse confusión de linderos, y que la acción de deslinde se establece sin buena fe y a sabiendas

el demandante de que en ningún momento ha estado en la posesión ni tiene el dominio de la finca de diez cuerdas.

Trabada así la contienda, fué el caso a juicio. El primer testigo que declaró fué el agrimensor Camilo González, quien manifestó haber levantado un plano de los terrenos que la San Juan Fruit and Land Co. compró a Silva. "Quiero hacer una aclaración," dijo textualmente, "en ese plano están varias fincas. En él está incluída esa finca; no es el plano exclusivamente de esa finca, sino todos los terrenos de la compañía en ese sitio, de manera que la finca de Angulo es ésta; ésta es otra propiedad y ésta es otra. Es un plano en conjunto."

Luego declaró el propio demandante. Su declaración ocupa desde la página 5 de la transcripción a la 23 y es difícil de resumir. Sostuvo que compró la finca de diez cuerdas por escritura pública otorgada en 1920 de la San Juan Fruit Co.; que tomó posesión y cultivó algunas cuerdas de cañas; que vendió su finca a Ruiz de Porras y éste no pudo tomar posesión por haberse opuesto la demandada, rescindiéndose el contrato, volviendo el título a su poder mediante la devolución del precio, y que entonces él tampoco pudo posesionarse de la finca; que su finca colinda por el sur con la de la demandada.

Presentóse también como prueba la escritura de compra del demandante, inscrita en el registro de la propiedad, y una certificación del registro de la propiedad de la cual consta la inscripción a virtud del expediente de dominio y a favor de The San Juan Fruit and Land Co. de una finca de 126 cuerdas compuesta de dos porciones, una de 76 y otra de 50, adquirida de Julián Silva, apareciendo segregadas y vendidas varias porciones, entre ellas una de 50 cuerdas vendida a la demandada y otra de 10 cuerdas vendida al demandante.

La parte demandada aportó como prueba la escritura por virtud de la cual adquirió sus tierras debidamente registrada, la escritura del demandante a Ruiz de Porras y los autos en

el caso de Ruiz de Porras contra el demandante. Como su único testigo declaró O. M. Wood, quien admitió que el demandante viene reclamando las tierras y buscando dónde están desde hace tiempo, pero sostiene que no le asiste derecho alguno.

Sometido el caso a la corte de distrito, lo falló en contra del demandante, y éste interpuso el presente recurso de apelación.

Después de un examen de los autos y de los alegatos, creemos que la sentencia debe ser revocada y declarada la demanda con lugar.

Leyendo la opinión de la corte sentenciadora se ve que su mente estuvo influenciada por nuestra decisión en el caso de Ruiz de Porras contra el demandante, y aquel caso nada tiene que ver con éste. El título volvió al demandante y a los efectos de que se le permita el examen o deslinde que solicita no tiene que investigarse lo que ocurriera entre el demandante y Ruiz de Porras.

A nuestro juicio también contribuyó a desviar la atención de la corte de la verdadera cuestión envuelta en el litigio, la referencia que hizo al pleito de reivindicación pendiente entre el demandante y la demandada y sobre todo la cita de Manresa. El procedimiento de deslinde dentro del derecho procesal antiguo, es diferente en su alcance y efectos al procedimiento que autoriza el artículo 286 del vigente Código de Enjuiciamiento Civil.

"De la completa lectura del artículo 286 del Código de Enjuiciamiento Civil," dijo esta corte por voz de su Juez Presidente Sr. Hernández en el caso de *MacCormick et al. v. Molinari et al.,* 16 D.P.R. 409, "se desprende que la mente del Legislador fué poner a cualquier persona en condiciones de poder examinar y hasta medir la propiedad real de otra a que se creyere con derecho, previo permiso probado, y en su defecto previa orden de la corte, para adquirir datos seguros e indispensables que pudieran conducirle a ejercitar con éxito una acción para el reconocimiento y protección de

su derecho o a sostener con éxito la acción ejercitada con tal fin, pues el párrafo 1º del propio artículo establece que la orden de examen o deslinde podrá solicitarse haya o no pendiente algún litigio sobre el derecho discutido.''

Y examinadas las alegaciones y las pruebas de este caso a la luz de la disposición legal aplicable y de la jurisprudencia, hay base para concluir que debe proporcionarse al demandante el auxilio judicial que necesita para penetrar en las tierras poseídas por la demandada, para adquirir datos seguros e indispensables para sostener su acción reivindicatoria. Tal auxilio nada prejuzga. Si la demandada está en posesión de lo que legítimamente le pertenece, nada debe temer, pero es lo cierto que el demandante adquirió una finca que procede del mismo anterior dueño de que procede la finca de la demandada, y no la encuentra. Nada revela fraude por parte del demandante. Si algún fraude se cometió en el contrato de compraventa, parece que fué él la parte perjudicada. Y como es también cierto que esa finca del demandante, según la descripción de los títulos, explicada por la prueba, colinda con la de la demandada, nos parece que se ha demostrado todo lo que tenía que demostrarse en un caso de esta naturaleza. No se trata de una mera expedición de pesca. Se trata de una persona que compró diez cuerdas de terreno segregadas, según el título, de otra finca de mayor extensión, y en la actualidad no las puede localizar ni tomar posesión de ellas y que sostiene que están dentro de otras tierras poseídas por otra persona a virtud de la compra de cincuenta cuerdas segregadas de la propia finca de mayor extensión de que se segregaron las diez, y con ellas colindantes.

Puede que en definitiva todo resulte baldío, puede que jamás el demandante llegue a localizar sus diez cuerdas, puede que las localice y aun así que no le sea dable aportar un título superior al que pueda haber adquirido sobre ellas la demandada; pero de todos modos la situación es tal y los antecedentes de las sociedades que fueron anteriormente

dueñas son de tal naturaleza, según surge de la propia declaración del testigo de la demandada, O. M. Wood, que creemos que el caso por sus propias circunstancias exige la práctica de la investigación dentro de las tierras actualmente poseídas por la demandada, que autoriza el artículo 286 del Código de Enjuiciamiento Civil, y que pide el demandante.

En tal virtud *debe revocarse la sentencia apelada* y dictarse otra condenando a la demandada a permitir al demandante que entre en su finca de cincuenta cuerdas con sus ingenieros o agrimensores y practique las mensuras e investigaciones que estime necesarias a su derecho, a presencia y con la intervención de la demandada, si así ésta lo quisiere, y de los ingenieros o agrimensores que pueda al efecto designar, no excediendo la investigación del término de tres días y notificando el demandante su comienzo con siete días de antelación a la demandada, todo sin especial condenación de costas.

El Juez Asociado Señor Wolf disintió.*

El Juez Asociado Señor Texidor no intervino.