LA SUCESIÓN DE JOSÉ MARÍA GUERRA, compuesta de JOSEFINA, JULIA, MARÍA, MARGARITA, DOLORES, JUANITA, LAURA, FRANCISCO, SALVADOR, LUCAS y ULPIANO GUERRA, demandantes y apelados, *v.* MANUEL SÁNCHEZ, demandado y apelante.

Núm. 10147.—*Sometido:* Junio 1, 1950. *Resuelto:* Agosto 4, 1950.

*Enrique Báez García,* abogado del apelante; *José Sabater,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

Esta es una acción de deslinde iniciada por los demandantes de acuerdo coń lo provisto en la Regla 34 (*b*) de las de Enjuiciamiento Civil.

En la demanda se alegó que por escritura número 34 otorgada el 13 de agosto de 1941 ante el notario Juan Alemañy Sosa el demandado Manuel Sánchez adquirió de los demandantes un solar que en la demanda se describe, con un área de trescientos treinta y siete metros cincuenta centímetros cuadrados, colindando por el sur con un callejón de cinco metros que lo separa de un solar de don Juan Mari Ramos.(1) Se alegó asimismo que dicho callejón de cinco metros es la colindancia norte del solar de Juan Mari Ramos, quien también lo adquirió de los demandantes por escritura número 31 de 5 de agosto de 1941 ante el propio notario Juan Alemañy Sosa; que la Sucn. demandante dividió la faja de terreno que colindaba con el mar en diferentes solares, reservándose ciertos callejones con el objeto de que los compradores, así como otros propietarios de terrenos situados al lado opuesto de la carretera, tuvieran salida al mar, estando entre esos callejones el de la colindancia sur del solar vendido a los demandados, que es el mismo que separa dicho solar del de Juan Mari Ramos; que el demandado sin derecho a ello y sin autorización de la Sucn. demandante ni del colindante Juan Mari Ramos tiró una cerca encerrando el callejón de referencia, propiedad de los demandantes, haciendo en esa forma que su solar colindara en su lado sur con el de Juan Mari Ramos y no con el callejón de cinco metros entre dichos dos solares, sin que la parte demandante le hubiere dado título alguno o transferido o vendido dicho callejón; que los demandantes trataron de conseguir que el demandado se aviniera a dejar libre dicho callejón y que no habiendo tenido éxito

---

(1) La descripción del solar es la siguiente:

"SOLAR radicado en el barrio Guanajibo lugar denominado 'Puntas Arenas' del término municipal de Cabo Rojo. Mide 23 metros por el Norte en colindancia con solar de Don Esteban Vincenty; 22 metros por el Sur en colindancia con un callejón de cinco metros que lo separa de solar de Don Juan Mari Ramos; 16 metros por el Este limitando con la carretera que de Cabo Rojo conduce a Mayagüez pasando por Joyuda; y 14 metros por el Oeste, colindando con el mar. Tiene un área de 337 metros 50 centímetros cuadrados."

las gestiones amistosas se le requirió formalmente para que permitiera la mensura y deslinde de su solar, sin haber consentido en ello.

En su contestación, el demandado estableció la defensa de que la demanda no aducía causa de acción, y negó todos y cada uno de los hechos de la demanda.

Solicitaron los demandantes que se dictara sentencia sumaria, acompañando a su moción testimonio auténtico de la escritura número 34 de 13 de agosto de 1941 sobre segregación y compraventa, en virtud de la cual el demandado adquirió el solar de referencia, así como declaración jurada de Lucas Guerra Ramos, uno de los miembros de la Sucn. demandante. Se opuso el demandado alegando que habiendo él negado las alegaciones de la demanda, surgió una controversia en virtud de dicha negación en cuanto al hecho de que el demandado tiró una cerca y encerró en ella el alegado callejón, siendo improcedente la sentencia sumaria; alegando además "que no se ha apropiado de ningún callejón y que el solar, que ocupa tiene las mismas dimensiones a que se refiere la escritura, *estando pendiente de que la Corte ordene, si procede, la mensura y deslinde.*" (Bastardillas nuestras.) A su oposición unió el demandado declaración jurada en la que consignaba, en síntesis, que su solar tenía las mismas dimensiones que el solar que compró al demandante, que si hubiese incluído el callejón dentro de su solar tendría éste mayor cabida que la que se consignaba en su título, y que no se había apropiado de ningún callejón perteneciente a los demandantes, estando en condiciones de probar ese hecho en el juicio.

La corte inferior, con vista a la demanda, la contestación y demás documentos, dictó sentencia sumaria bajo la Regla 56, ordenando que se practicara el examen y deslinde del solar del demandado, en la forma, plazos y condiciones dispuestos en la sentencia.

Al sostener en apelación que la corte inferior cometió error al declarar con lugar la moción de sentencia sumaria,

arguye el apelante que no aparece de la escritura número 34 de referencia—por la que adquirió título a su solar—que los demandantes tengan derecho alguno al callejón aludido, ni que se reservaran derecho a la posesión del mismo, y que en dicha escritura tampoco se hizo mención de que dicho callejón fuera a ser usado por persona alguna determinada, por lo cual, aún tomando como ciertas las alegaciones de la demanda, de existir algún camino en la colindancia sur del solar del demandado el mismo es destinado a uso público, sin que aparezca de la demanda que El Pueblo de Puerto Rico o el Municipio de Cabo Rojo hubieren instado acción alguna respecto al mismo.   Arguye también que en la demanda no se hace constar expresamente el interés que la parte demandante reclama tener en la propiedad, por lo cual no cumple con la Regla 34(b) de las de Enjuiciamiento Civil; que la acción que se ejercita es una de interdicto para recobrar sin que en la demanda se aleguen los hechos necesarios para que pueda proseguirse una acción de esa naturaleza, y por último, que se creó una controversia real por la negación que hizo en su contestación de todos los hechos de la demanda.

Teniendo presente el propósito fundamental de las Reglas de Enjuiciamiento Civil, o sea acelerar los procedimientos en acciones civiles, la Regla 34(b) (²) provee un medio por el cual, a través de una demanda y siguiéndose el procedimiento establecido por las Reglas, una persona que *de buena fe se creyere con derecho a reclamar la posesión, dominio o una participación o interés en propiedad inmueble que esté o que por motivos pertinentes creyere que está en*

---

(²) Dicha Regla dispone:

"(b) *Acción de Deslinde.*—Mediante la radicación de una demanda y siguiéndose el procedimiento establecido por estas Reglas, cualquier persona que de buena fe se creyere con derecho a reclamar la posesión, dominio o una participación o interés en propiedad inmueble que esté o que por motivos pertinentes creyere que está en posesión de otra persona y se haga necesario para determinar, obligar o reconocer o proteger tales derechos o intereses que se practique un examen, deslinde, o se tomen fotografías de la propiedad, o de cualquier objeto u operación relevante de la misma, y si la persona que estuviere en posesión de la misma dejare de

*posesión de otra persona,* puede obtener, bajo ciertas condiciones y trámites previos, que la corte de distrito donde radiquen los bienes dicte sentencia ordenando que se practique, entre otras diligencias, un deslinde de dicha propiedad, tenga o no pendiente ante dicha corte algún litigio sobre tal reclamación.

El objeto y propósito de la Regla 34 (*b*)—que es sustancialmente igual al artículo 286 del Código de Enjuiciamiento Civil—es hacer viable un medio en sí sumario para que la parte que crea tener derecho a alguna reclamación, tenga la oportunidad de un examen, deslinde o tome fotografías de la propiedad, o de cualquier objeto u operación relevante a la misma, sin que bajo la acción que dicha Regla 34 (*b*) autoriza, tenga necesariamente que litigarse el derecho de la parte demandante a la reclamación a que pueda creer que tiene derecho, pues no es necesario que tenga litigio alguno pendiente sobre dicha reclamación. La demanda a que se refiere la Regla 34 (*b*) es en sí un procedimiento separado y distinto al litigio—pendiente o no a la fecha de la demanda bajo la referida Regla—que envuelva la reclamación a que crea tener derecho. Lo fundamental en la acción es que surja con razonable certeza el interés del demandante en la propiedad cuyo deslinde se interesa, y no el derecho en sí a lo que pueda en otro litigio reclamarse, ya que tal derecho no se dirime bajo la Regla 34 (*b*), siendo la única consecuencia de una sentencia bajo ésta, la de ordenar que se lleve a cabo la inspección, exámenes o deslindes o se hagan las foto-

autorizar o se negare a consentir durante tres días después de haber sido requerida por escrito, la corte de distrito donde radiquen los bienes podrá ordenar mediante sentencia que se practiquen las diligencias mencionadas tenga o no pendiente ante dicha corte algún litigio sobre tal reclamación. En la demanda se hará constar la descripción de la propiedad, el interés que la parte reclame tener en ella, nombre de la persona en posesión de la propiedad, la razón por la cual se solicita se autorice la toma de fotografías o se haga el examen o deslinde y el requerimiento hecho a la otra parte y la negativa de ésta."

grafías interesadas.   *Rodríguez* v. *The Star Fruit Co.*, 41 D.P.R. 484; *MacCormick et al.* v. *Molinari et al.*, 16 D.P.R. 409.

■ La negación general hecha por el demandado con vista a los fines y propósitos de la Regla 34 (*b*), no tuvo el efecto de crear una controversia real y efectiva entre las partes que no permitiera la sentencia sumaria dictada, pues al negar el demandado que había tirado la cerca y encerrado el callejón, la controversia surgida era con relación al derecho del demandante a la reclamación en su día, en el pleito correspondiente, mas no una controversia para. derrotar e impedir el examen y deslinde de la propiedad bajo la Regla 34 (*b*).

De la escritura por la que adquirió título el demandado —que obra en autos—surge con claridad patente que la Sucn. demandante era dueña de una finca de mayor cabida, de la que se segregó el solar vendido al demandado—y de la cual también se habían segregado varios solares vendidos a distintas personas entre ellas Juan Mari Ramos—apareciendo de la misma tanto la colindancia de la finca principal con Juan Mari Ramos por el norte como la colindancia del solar vendido al demandado *con el callejón* de cinco metros por el sur, que separaba aquélla del solar de Juan Mari Ramos. Es evidente que si la Sucn. demandante segregó de un predio de mayor cabida varios solares que vendió a distintas personas, incluyendo al demandado, y no vendió el callejón de cinco metros con el cual colindaban por el norte el solar de Juan Mari Ramos y por el sur el del demandado, el título dominical sobre el mismo, en ausencia de prueba en contrario, permaneció en el vendedor, y de haberse el demandado apropiado del mismo tenían los demandantes derecho a instar la acción correspondiente para recobrarlo.

■ No siendo la acción bajo la Regla 34 (*b*) la apropiada para tal reclamación, pero sí apropiada para el deslinde, procedió correctamente la corte inferior al dictar la sentencia sumaria, ya que el propósito de la Regla 56 es ace-

lerar el procedimiento en aquellos pleitos en que realmente no existe una controversia genuina de hecho a ser juzgada, *Gaztambide* v. *Sucn. Ortiz*, 70 D.P.R. 412, 425, y para los exclusivos fines de obtener una orden para el deslinde no se creó controversia alguna con la negación de los hechos que en su contestación hizo el demandado, pues dicha controversia no era para ser juzgada dentro de la acción bajo la Regla 34(*b*) y sí en la que se instituyera—ya que no había pleito pendiente a ese fin entre las partes—para recobrar el aludido callejón.

*Procede confirmar la sentencia.*